UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNETH H. BRATKOWSKI | CIVIL ACTION |
| v. | NO. 15-900 |
| ASPEN INSURANCE UK, LTD. | SECTION "F"(1) |

ORDER AND REASONS

Before the Court is Aspen Insurance UK, Ltd.'s motion for summary judgment. For the reasons that follow, the motion is GRANTED in part and DENIED in part.

**Background**

This litigation under the Louisiana Direct Action Statute arises out of a personal injury lawsuit brought by the plaintiff against his employer; the personal injury lawsuit has been stayed due to ongoing Chapter 11 bankruptcy proceedings.[1]

Kenneth H. Bratkowski filed suit against his employer, Cal Dive International, Inc., after allegedly suffering an injury during the course of his employment. He was employed as a diver by Cal Dive International, Inc. and assigned to the M/V CAL DIVER I. On August 6, 2012 Mr. Bratkowski was on a routine dive to re-route

---

[1] *Bratkowski v. Aspen Insurance*, Civil Action Number 15-900, was transferred to this Section of Court as related to *Bratkowski v. Cal Dive*, Civil Action Number 15-294. The cases have not been consolidated.

Allison Pipeline when he began to pull open the bell hatch, which had begun to open automatically due to pressures equalizing. While pulling open the bell hatch, which weighed more than 70 pounds,[2] Mr. Bratkowski severely injured his back at the L4 and L5-S1 disc, affecting his right hip, leg, and foot.

On January 30, 2015 Mr. Bratkowski sued Cal Dive International, Inc., seeking to recover for under the Jones Act for negligence, as well as under general maritime law for Cal Dive's unseaworthy vessel, and, finally, for maintenance and cure.  In the personal injury case, Civil Action Number 15-294, Mr. Bratkowski seeks $15,000,000 in damages due to the severity of his injuries. In particular, he claims that he is required to lie down every hour for approximately 15 minutes to relieve pain; he has lost full function of his right leg; he must stay medicated to help alleviate his pain; he experiences constant tingling in his foot and radiating pain through the entirety of his leg if his foot is touched.

On March 16, 2015 Cal Dive filed a Notice of Filing Bankruptcy, notifying the Court and the plaintiff that it had filed on March 3, 2015, pursuant to Chapter 11, a voluntary petition for bankruptcy in the District of Delaware.  A few weeks later, Mr. Bratkowski sued Aspen Insurance UK Ltd., Cal Dive's insurer, alleging the same claims arising from the same August 6, 2012

---

[2]The lifting limit for divers is 50 pounds.

incident.[3]  Bratkowski filed an amended complaint on April 14, 2015, in which he adds more particular allegations concerning Cal Dive's failure to provide maintenance and cure in Louisiana. Meanwhile, in the bankruptcy proceeding in Delaware, Mr. Bratkowski has filed a motion to lift the stay of proceedings pursuant to 11 U.S.C. § 362(d).  From this Court Cal Dive requested an order staying Bratkowski's lawsuit against it in light of the bankruptcy proceeding pending in Delaware.  The stay, applicable only to Civil Action Number 15-294, was granted on April 20, 2015.  Aspen Insurance now seeks summary judgment dismissing the plaintiff's complaint against it in Civil Action Number 15-900.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v.

---

[3]*Bratkowski v. Aspen Insurance*, Civil Action Number 15-900, was transferred to this Section of Court as related to *Bratkowski v. Cal Dive*, Civil Action Number 15-294.  The cases have not been consolidated.

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed. R. Civ. P. 56(c)(2). "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)(internal quotation marks and citation omitted). In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party.

4

Scott v. Harris, 550 U.S. 372, 378 (2007). Although the Court must "resolve factual controversies in favor of the nonmoving party," it must do so "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013)(internal quotation marks and citation omitted).

II.

Aspen Insurance UK, Ltd. initially submits that summary judgment dismissing Bratkowski's claims (for Jones Act negligence, unseaworthiness, and maintenance and cure) against it under the Louisiana Direct Action Statute is warranted because neither the policies of insurance it issued to Cal Dive, nor the accident giving rise to the plaintiff's injuries occurred in Louisiana. Aspen submits that the policies of insurance it issued to Cal Dive were issued and delivered in Houston, Texas, not Louisiana; and the accident sued upon occurred on the high seas on the vessel, CAL DIVER I, located in MP block 300, which is on the Outer Continental Shelf and, therefore not within the territorial waters of the State of Louisiana.

The Louisiana Direct Action Statute, La.R.S. 22:1659, permits an action against an insurer of a tortfeasor if the plaintiff can establish that (1) the accident or injury occurred in Louisiana, (2) the policy was written in Louisiana, or (3) the policy was delivered in Louisiana. Grubbs v. Gulf International Marine Inc.,

5

13 F.3d 168, 170 (5th Cir. 1994). "[I]t is settled law that the Direct Action Statute can apply to federal maritime actions." See Chacon v. Global International Marine, Inc., No. 06-1645, 2007 WL 4206857, at *1 (E.D. La. Nov. 21, 2007); see also Grubbs, 13 F.3d at 171. Although the payment of maintenance and cure benefits is a claim sounding in contract, an action for failure to pay maintenance and cure is a tort action. See Chacon, 2007 WL 4206857, at *2 (citations omitted).

Here, it is undisputed that the accident giving rise to Bratkowski's Jones Act and unseaworthines claims occurred on the outer continental shelf, not in Louisiana. Accordingly, those claims may not be pursued by way of direct action against Aspen. However, it is likewise undisputed that Bratkowski's claims for failure to pay maintenance and cure sounds in tort. Insofar as he alleges in his amended complaint that the injury occurred in Louisiana, and there has been no discovery in this matter,[4] Aspen is not entitled to judgment as a matter of law dismissing

---

[4] The parties quarrel about whether or not it is appropriate for discovery to commence. Aspen apparently convinced the Case Manager of Section F to continue a previously-scheduled scheduling conference in order to avoid its discovery obligations. He had no authority to do so without Court permission. The Court takes no position on whether or not, if requested by proper motion, Aspen would be entitled to a stay of discovery given the related bankruptcy proceedings. However, counsel for Aspen is admonished not to attempt to obtain through Court staff what should be accomplished by directing to the Court appropriate briefing and motion practice.

Bratkowski's failure to pay maintenance and cure claim.[5]

Accordingly, the defendant's motion for summary judgment is GRANTED in part and DENIED in part. The plaintiff's Jones Act, unseaworthiness, and maintenance and cure claims against Aspen are hereby dismissed, but Bratkowsi's *failure to pay* maintenance and cure claims are viable.[6]

New Orleans, Louisiana, June 17, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[5] Aspen appears to concede this in its reply papers: "Whether there was a wrongful termination [of maintenance and cure] and whether there was an injury in Louisiana is a fact issue, which will be dealt with in subsequent proceedings and further motion practice."

[6] Insofar as Aspen limply challenges the technical sufficiency of Bratkowski's allegations concerning the direct action statute, the Court declines to address the argument on a motion for summary judgment. In light of Aspen's reticence to engage in discovery, Bratkowsi may be afforded an opportunity to amend his complaint to cure any technical deficiencies concerning jurisdictional allegations or allegations addressing the direct action statute.